**Joseph A. Grube**, OSB #962976
joe@bgotrial.com
Breneman Grube Orehoski, PLLC
1200 Fifth Avenue, Suite 625
Seattle, WA 98101
Tel: 206.624.5975/ Fax: 206.770.7607
Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON
# EUGENE DIVISION

| | |
|---|---|
| KIMBERLY TRENT,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>GENERAL MOTORS LLC, a Delaware limited liability company, and LEAH HUFFMAN,<br><br>　　　　　Defendants. | **CASE NO. 6:17-cv-01906**<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Kimberly Trent, by and through her attorneys, alleges as follows:

**I.   PARTIES, JURISDICTION & VENUE**

1.1   Plaintiff Kimberly Trent ("Trent") is a resident of Washington.

1.2   Defendant General Motors, LLC ("GM") is a limited liability company organized in Delaware with its principal place of business in the State of Michigan.

1.3   Defendant LEAH HUFFMAN is a resident of Oregon.

COMPLAINT AND
DEMAND FOR JURY TRIAL
PAGE 1 OF 4

BRENEMAN || GRUBE || OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 625
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

1.4     This Court has jurisdiction under 28 USC §1332 because (a) the Plaintiff and Defendants are diverse and (b) the amount in controversy exceeds $75,000.

1.5     Venue in this Court is proper because some or all of the acts and omissions complained of occurred in Marion County, Oregon.

## II.    FACTS

2.1     On September 5, 2016, Plaintiff Kimberly Trent was traveling southbound on Interstate 5 in Woodburn, Oregon in a 2007 Chevrolet HHR (the "Trent Vehicle"), manufactured and sold by Defendant GM.

2.2     Traffic was backed up and at a stop for vehicles using Exit 271. The Trent Vehicle was at a complete stop in the backed up traffic, when a vehicle driven by Defendant Huffman slammed into it, pushing the Trent Vehicle into another car.

2.3     Despite the force of the impact, the airbags in the Trent Vehicle did not deploy.

2.4     As a direct result of the collision, Ms. Trent suffered serious injuries, including but not limited to a head injury, brain injury, rib fractures and other injuries.

### *Negligence*
### *(as against Huffman only)*

3.1     At all material times, Defendant Huffman was negligent in one or more of the following particulars:

(a)     In failing to stop, swerve or otherwise avoid colliding with plaintiff's automobile.

(b)     In failing to maintain a reasonable lookout;

(c)     In failing to maintain reasonable control of the automobile;

(d)     In driving too fast under the circumstances; and

COMPLAINT AND
DEMAND FOR JURY TRIAL
PAGE 2 OF 4

BRENEMAN ‖ GRUBE ‖ OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 625
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

(e)     In failing to yield the right-of-way to Plaintiff.

3.2     As a result of the negligence of the Defendant, Plaintiff sustained a brain injury, and injuries to the muscles, tendons, nerves, bones, joints, intervertebral disks and soft tissues of the head, neck, back; strains and sprains; contusions and abrasions, all of which injuries, and the consequences of them, are or may be permanent and have caused Plaintiff to suffer economic damages in the form of lost wages, past and future medical care and expenses and diminished earning capacity.

3.2     As a further result of the negligence of the defendant, Plaintiff has also suffered non-economic damages including, but not limited to, past and future pain and suffering as well as past and future inconvenience and interference with normal and usual activities apart from gainful employment.

### *Negligence and Product Liability*
### *(as against GM only)*

4.1     The Trent Vehicle was manufactured with a defective ignition switch and cylinder. The ignition switch is prone to fail during ordinary and forseeable driving conditions, which can cause the vehicle to stall and disable the airbag systems.

4.2     The airbag and ignition system in the Trent Vehicle was defectively manufactured, causing its failure to deploy to protect Plaintiff, and causing her subsequent injuries.

4.3     GM is strictly liable for Plaintiff's injuries and damages because at the time it left control of GM, the airbag and ignition system was defective and not reasonably safe in construction to an extent beyond that which would be contemplated by the ordinary consumer.

COMPLAINT AND
DEMAND FOR JURY TRIAL
PAGE 3 OF 4

BRENEMAN || GRUBE || OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 625
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

4.4    GM is strictly liable because the airbag and ignition system did not conform to GM's express or implied warranties.

4.5    GM is strictly liable because the airbag and ignition system materially deviated from the design specifications or performance standards of the manufacturer, to an extent beyond that which would be contemplated by the ordinary consumer.

4.6    GM was negligent because it failed to properly inspect the airbag and ignition system and failed to warn consumers of the particular hazard.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1.    For judgment, jointly and severally, in such amount as shall be proven at the time of trial, including, but not limited to, judgment for economic and non-economic damages, including, but not limited to, judgment for pain and suffering, disfigurement, loss of enjoyment of life, physical disability, medical expenses, and loss of past and future wages;

2.    For such other and further relief as the Court deems just and equitable.

DATED this 29th day of November 2017.

BRENEMAN GRUBE OREHOSKI, PLLC

By: */s/ Joseph A. Grube*
Joseph A. Grube, OSB 962976
Attorneys for Plaintiff

**Plaintiff hereby demands a trial by jury.**

COMPLAINT AND
DEMAND FOR JURY TRIAL
PAGE 4 OF 4

BRENEMAN || GRUBE || OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 625
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607